

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable G. F. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. 0-4744
Re: (1) Whether a foreign stock
insurance company, chartered
for the purpose of writing
fire and marine insurance,
should receive a certificate
of authority to write in
Texas marine insurance only;
and whether a foreign stock
insurance company, chartered
to write fire and hail in-
surance should be granted
certificate of authority to
write in Texas hail insurance
only; and (2) whether the
Board of Insurance Commissioners,
under Articles 4985 and 4986
of the Revised Civil Statutes
of Texas, is required to exact
of these companies a guaranty
bond, or the alternative secur-
ity deposits, therein prescribed.

Your request for an opinion has been received and
carefully considered. We quote from your request as follows:

"In one case a foreign stock insurance com-
pany, chartered for the purpose of writing fire
and marine insurance, is applying to this Board
for certificate of authority to write in Texas
marine insurance only; and, in a second case, a
foreign stock insurance company chartered to
write fire and hail insurance is applying to us
for certificate of authority to write in Texas
hail insurance only. Chapter 11 of Title 78
deals with fire and marine companies, but con-
tains no express and affirmative provisions for

admitting foreign fire and marine companies. So
far as we know, the only provisions dealing ex-
pressly with hail insurance are contained in Arti-
cles 4891 (last paragraph), 4902, and 4905A, all
in Chapter 10 and in the last sentence (in connec-
tion with automobile coverage) in Article 4919,
in Chapter 11. Hail seems essentially to be a
casualty risk, and may be written by domestic
general casualty companies incorporated under
Chapter 18 of Title 78, and particularly under
a purpose clause authorized by Article 4989, sub-
section 12. Marine insurance may also be written
by Chapter 18 casualty companies under Article
4989, subdivision 11. Chapter 18 itself, however,
likewise contains no provision expressly and af-
firmatively authorizing the admission of foreign
casualty companies. No other statutory provision,
so far as we know, authorizes us to admit either
of these companies, unless Article 4686 does so.

"Chapter 11 contains Articles 4925 and 4926,
which respectfully require either performance
bonds or security deposits by Article 4925 'every
fire insurance company, not organized under the
laws of this State, applying for a certificate of
authority to transact any kind of insurance in
this State,' and (Article 4926) 'every fire in-
surance company not organized under the laws of
this State, hereafter issuing or causing or au-
thorizing to be issued, any policy of insurance
other than life insurance.'

"We desire your opinion (1) as to whether
we have any statutory power to admit these com-
panies; and (2) if so, whether we are required
by Articles 4925 and 4926 to exact of these com-
panies the guaranty bonds, or the alternative
security deposits, therein prescribed."

Chapter 11, Title 78, of the Revised Civil Stat-
utes, makes it lawful for any insurance company doing
business in this State under the proper certificate of
authority, except a life or health insurance company, to
write marine insurance. Article 4989 of said statute pro-
vides that any three or more persons, a majority of whom
are residents of this State, may associate in accordance
with the provisions of this Chapter and form an incor-
porated company for any one or more of the following pur-
poses:

"11. To write marine insurance in which
may be included the hazards and perils incident
to war.

"12. To insure against any other casualty
or insurance risks specified in the articles
of incorporation which may be lawfully made the
subject of insurance and the formation of a
corporation for issuing against which is not
otherwise provided for by this law, excepting
fire and life insurance."

Article 4682 of said statutes, subdivision 20,
provides that the Board of Insurance Commissioners shall
admit into this State mutual insurance companies organized
under the laws of other states and who have Two Hundred
Thousand Dollars in assets in excess of liabilities engaged
in cyclone, tornado, hail and storm insurance. Article
4905a of said statutes provides that the writing of insur-
ance against loss by lightning or tornado or windstorm or
hail, and the rates to be collected therefor in this State,
and all matters pertaining to such insurance, shall be
governed and controlled by the provisions of Articles 4876
to 4901, inclusive, and also Articles 4903 to 4905, in-
clusive, of said Chapter. Article 4880, of said statutes,
provides that every insurance company therein named now
holding certificate of authority to transact business in
this State, shall be deemed to have accepted such certi-
ficate and to transact business thereunder, upon conditions
that it consents to the terms and provisions of this Chapter
and that it agrees to transact business in this State, sub-
ject thereto, whether such company is organized under the
laws of this State or under the laws of any other state,
territory or possession of the United States, or foreign
country, or by authority of the Federal Government. There
is also included in said Article the shore end of all marine
risks insured against loss by fire. Article 4881 of said
statute authorizes the Commission to require sworn state-
ments from any insurance company affected by this law, and
said Commission is authorized to visit the office, whether
general, local or otherwise, of any insurance company doing
business in this State, and the home office of said company
outside of this State, Article 4902 of said statute provides
that the State of Texas, shall assess a certain tax against
hail insurance premiums of all companies doing a hail in-
surance business in this State. Article 4903 provides that
certain companies incorporated under the laws of this State
shall not be subject to the provisions of this law.

Article 4686 of the Revised Civil Statutes of Texas is as follows, to-wit:

"No individual, or group of individuals, unless, now or hereafter, otherwise permitted by Statute, shall be permitted to engage in the business of insuring others against those losses which may be insured against under the laws of this State. Should the Board of Insurance Commissioners be satisfied that any insurance carrier applying for a certificate of authority has in all respects fully complied with the law; and that if a stock company, its capital stock has been fully paid up, that it has the required amount of capital or surplus to policyholders; it shall be its duty to issue to such carrier a certificate of authority under its seal authorizing such carrier to transact insurance business, naming therein the particular kinds of insurance, for the period of not more than twelve (12) months, and not extending beyond the last day of February next following the date of said certificate, unless the date is otherwise fixed by Statute for the particular kind of insurance carrier. Any such carrier who may now be doing business within the State of Texas shall on and after the first day of January, 1934, be required to comply with all of the provisions as set out by this Act."

Article 4751 of said statute provides that no foreign insurance company shall transact any insurance business in this State, other than the lending of money, unless it shall first secure from the Commissioner a certificate of authority, stating that the laws of this State have been fully complied with by it, and authorizing it to do business in this State. That said certificate of authority shall expire on the last day of February in each year, and shall be renewed annually so long as the company shall continue to comply with the laws of the State, such renewal upon the same terms and considerations as the original certificate. Articles 4755, 4756, and 4757 list certain requirements of the foreign insurance companies therein named in order that they may continue to do business in Texas and in order to secure a certificate of authority to do such business. Article 5034 provides that certain insurance companies therein named shall publish annually, within thirty days after the issuance thereof, a certificate from the Commission that

such company had in all respects complied with the laws in relation to insurance. Article 5038 is as follows:

"Corporations may be incorporated under the laws of this State to transact any one or more kinds of insurance business other than life, fire, marine, inland, lightning or tornado insurance business in the same manner, and by complying with the same requirements, as prescribed by law for the incorporation of life insurance companies. No such company shall be incorporated having the power to do a fidelity and surety business or a liability business with a paid up capital stock of less than two hundred thousand dollars."

Article 5059 of the Revised Civil Statutes is as follows:

"Before a certificate or license to any fire, fire and marine, marine, tornado, rent, accident, casualty, liability, health, elevator, disability, plate glass, burglary, bonding, title, surety or fidelity insurance company is issued authorizing it to transact business in this State, the Commissioner shall require in every case, in addition to the other requirements already made and provided by the law, that each such insurance company shall file with him an affidavit that it has not violated any provision of this law."

Under Article 5061 the Chairman of the Board of Insurance Commissioners is authorized and it is made his duty to examine at the head office, located within the United States of America, all books, records, etc., of such company.

Under the above statutes, there is no question but that the laws of Texas authorize the writing of fire, marine and hail insurance. While there is no specific provision as to how a foreign marine insurance company, or a foreign hail insurance company, may secure a certificate of authority to write such insurance in Texas, it is our opinion that the above referred to statutes, by general implication, authorize the granting of such certificate of authority, if and when the Board of Insurance Commissioners shall be satisfied that such insurance carrier has in all respects fully complied with the law, as provided by Article 4686.

608

This conclusion is sustained by the holding in the case of Burt, et al v. St. Paul Mutual Hail & Cyclone Insurance Company, 264 S. W. 686, writ dismissed, which was a suit to recover a portion of insurance premiums under a contract by which appellants were to write hail insurance in the State of Texas, appellee being a foreign insurance corporation, and upon the trial thereof an instructed verdict was given in appellee's favor. There was involved the question of whether a foreign insurance corporation invoking the jurisdiction of the state court must allege and prove that it had complied with the law in obtaining a certificate of authority from the Commissioner of Insurance and Banking authorizing it to do business in this State, and in holding that said proposition was not sound, the court held as follows:

". . . Article 4761 of our statutes requires every insurance company, before engaging in the insurance business in this state, to procure from the commissioner of insurance a certificate showing that it has complied with all of the insurance laws of this state and authorizing it to conduct its business in this state, which certificate of authority shall expire on the last day of February in each year, and renewals thereof can only be granted on the same terms and considerations as the original. Other articles of our statutes prescribe the terms and considerations upon which such certificate may be issued, and provide for its publication. Article 4966 provides for a penalty for failure to comply with all the provisions of this statute. Article 643 of our Penal Code makes it unlawful for any person to violate any of the insurance laws of this state under penalty of a fine of not less than $500 nor more than $1,000."

While it does not appear to have been made an issue in this case, the contract entered into between the parties thereto had to do with a foreign insurance company transacting the business of hail and cyclone insurance in the State of Texas, and it seems from the opinion of the court that the proper authorities had the right to issue a permit authorizing the transaction of such business.

Appellants did not claim that appellee had no certificate authorizing it to do business in this State when it wrote the insurance on which the premiums collected by appellants were paid, but that it had to prove such fact. In this connection the court further held:

"There being no statute in this state denying appellee the right to maintain this suit without alleging and showing that it had a certificate to do business in this state, any contract legal on its face should be presumed to have been legally made and entitled to enforcement by the courts. As before shown, if it should develop on the trial of a case that the contract sued on, while prima facie legal, was founded upon an unlawful consideration or made in violation of law, it could not be enforced, although such illegality is not pleaded by the defendant. But no such showing is made by the evidence in this case. On the contrary, if we are wrong in the holding that appellee was not required to allege and prove that it had the certificate of authority to do business in this state, we think this fact was sufficiently alleged and proven."

The statements in the opinion in this case show that appellee had been issued a certificate of authority to transact the business of writing hail insurance in the State of Texas, and the court evidently approved the contract between appellee and appellant upon which suit was brought and held that appellee was legally entitled to carry on said business in this State.

In the case of Hartford Fire Ins. Co. v. G. H. & S. A. Ry. Co., 239 S. W. 919, the Commission of Appeals lays down the following rules relative to the procedure by which a foreign insurance company may be authorized to pursue its business in this State:

"(1) Our statutes prescribe procedure by which a foreign insurance company may be authorized to pursue its business in this state. Article 4497 of the Revised Statutes requires a company applying for such certificate of authority to satisfy the Commissioner of Insurance and Banking that it has complied with the

law, that its capital stock has been fully paid up, and that it has the required amount of capital and surplus to policy holders. On such showing it is made the duty of the Commissioner to issue a certificate of authority authorizing such company to transact such insurance business, but it is expressly provided that such certificate shall not authorize the transaction of business beyond the 28th day of February following. Article 4964 provides that before any such certificate shall issue the Commissioner, in addition to the other requirements provided by law, shall require an affidavit that the applicant has not violated any provision of article 4963 prohibiting foreign insurance companies authorized to do business in this state from writing insurance on property in this state, except through regularly commissioned and licensed agents in this state. Article 4943 makes it the duty of every insurance company to publish annually, within 30 days after its issuance, its certificate of authority. Article 4862 provides that it shall be lawful for any insurance company doing business under a proper certificate of authority (except life or health insurance companies) to insure all kinds of property against loss or damage by fire, and to take all kinds of insurance on goods, merchandise, or other property in the course of transportation, whether on land or water.

"Article 644 of the Penal Code enumerates the acts which shall constitute any one doing the same the agent of the insurance company for which such acts are done, and article 645 declares that any person who shall so act as agent for any insurance company which has not complied with the laws and received a certificate of authority to do business in this state shall be guilty of a misdemeanor, and punished by a heavy fine and penalty, and imprisoned in the county jail for a period of three months unless such fine and penalty are sooner paid. Article 643 provides that any person who shall violate any of the provisions of the insurance

Honorable O. P. Lockhart, Chairman, Page 9

laws of this state shall be punished by fine.
Article 642 of the Penal Code and articles 4960
and 4961 of the Revised Civil Statutes are of
similar import."

This case also holds that, while there is no
statute providing that fire insurance companies shall not
transact their business, except under a certificate of
authority, or that said certificate shall be renewed an-
nually, as is provided in the case of life, health and
accident insurance companies, the statutes applicable to
fire insurance companies, properly construed, by necessary
implication require fire insurance companies to procure a
renewal of their certificate of authority annually, also
that they are not authorized to transact any insurance
business within the state without such certificate.

While the word marine and the word fire are not
used specifically in the above statutes insofar as foreign
insurance companies are concerned, applying the above rules
to such companies, it is our opinion that such companies
would be entitled to do business in the State of Texas upon
compliance with the laws relating thereto.

It is our further opinion that the fact that one
of said companies was chartered for the purpose of writing
fire, as well as marine, insurance and that the other of
said companies was also chartered to write hail insurance
in addition to fire insurance does not make any difference,
insofar as your statutory power to issue certificates of
authority to each of these companies to write insurance in
Texas is concerned. The laws dealing with the right of
insurance companies to transact business in Texas do not
deal with this question, but Article 1529 of the Revised
Civil Statutes which has to do with the issuance of permits
to foreign corporations generally contains the provision
that, "if such corporation is created for more than one pur-
pose, the permit may be limited to one or more purposes."

It is our opinion, therefore, that you have stat-
utory power to issue a certificate of authority to each of
these companies to write insurance in accordance with the
applications made by them.

Article 4925 of the Revised Civil Statutes of
Texas contains in part the following requirements:

Honorable O. P. Lockhart, Chairman, Page 10

"Every fire insurance company, not organized under the laws of this State, applying for a certificate of authority to transact any kind of insurance in this State, shall, before obtaining such certificate, file with the Commissioner a bond, with good and sufficient surety or sureties, . . ." (Underscoring ours)

Article 4926 of said statutes contains in part the following requirements:

"Every fire insurance company, not organized under the laws of this State, hereafter issuing or causing or authorizing to be issued, any policy of insurance other than life insurance, shall first have filed with the Commissioner during the calendar year in which such policy may issue, or authorize or cause to be issued, a bond of good and sufficient sureties . . ." (Underscoring ours)

Your statement of facts show that each of such companies about which inquiry is made as to your power to issue certificates of authority to them are made are fire insurance companies. Therefore we hold that said Articles 4925 and 4926 of the Revised Civil Statutes of Texas are applicable to each of said companies. The only exception we note in the requirements of said statutes is the last sentence in Article 4926, which reads as follows:

"This Article shall not apply to any person, firm or corporation, or association, doing an inter-insurance, co-operative or reciprocal business."

Trusting that this satisfactorily answers the inquiries made by you in regard to such matters, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     *Jas. W. Bassett*
Jas. W. Bassett
Assistant

JWB:LM

APPROVED OCT 3, 1942
*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS